**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JEFFREY SCHATZ,** | * | |
| **Petitioner,** | * | |
| **v.** | * | **Civ. No. DLB-23-1433** |
| **WARDEN,** | * | |
| **Respondent.** | * | |

**MEMORANDUM OPINION**

Jeffrey Schatz filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. The respondent filed an answer to the petition asserting the petition must be dismissed as untimely. ECF 11. Schatz filed a response. ECF 16. No hearing is necessary. *See* Rule 8(a), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; Loc. R. 105.6 (D. Md. 2025); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the following reasons, the petition is dismissed as time-barred, and a certificate of appealability shall not issue.

## I.    Background

On September 19, 2019, Schatz was arrested and arraigned in the District Court for Baltimore City, Maryland in Case No. 4B02405785 on charges of second-degree assault, theft under $100, malicious destruction of property, misuse of telephone equipment, electronic mail harassment, and stalking. ECF 11-1, at 26–31; *see* State District Court Docket, https://casesearch.courts.state.md.us/casesearch/case-detail-page?caseId=4B02405785. On March 11, 2020, the state court held a bench trial and convicted Schatz on all counts except theft and malicious destruction of property. ECF 11-1, at 15–17, 29–30. On the same day, the state court sentenced Schatz to seven years of incarceration, with six years suspended, and three years of

probation. *Id.* at 17, 28; ECF 1, at 1. Schatz states that he appealed to the Circuit Court for Baltimore City on the same day, but his appeal was "withdrawn under duress of State Prosecutors." ECF 1, at 2; ECF 16, at 7. There is no indication in the record or on the state court docket that Schatz ever appealed his conviction.

Two years after Schatz's conviction, on April 22, 2022, a warrant was issued for his arrest for a probation violation. ECF 11-1, at 17–18. On May 17, 2022, Schatz was arraigned and detained. *Id.* at 18–19. On September 14, 2022, Schatz filed a motion for leave to appeal or for a new trial. *Id.* at 41–44. In his motion, Schatz argued that the State of Maryland "effectively denied his [original] appeal" by filing another case against him charging 11 counts of violation of a protective order and by forcing him to abandon his appeal in exchange for dropping those counts. *Id.* at 41–42. The state court denied Schatz's motion on September 28, 2022. *Id.* at 20. Schatz posted bail and was released from custody on the probation violation on November 7, 2022, and the state court held a hearing on March 16, 2023. *Id.* at 22, 24. It appears from the docket that the state court reimposed Schatz's probation conditions at the hearing but did not impose any additional penalty. *Id.* at 24–25.

The state court issued a second warrant for a probation violation on April 24, 2023. *Id.* at 26. Shortly thereafter, on May 8, 2023, Schatz was arrested and held without bond on separate charges in Baltimore County. *Id.* at 50–52. As of June 29, 2023, Schatz remained in custody because a detainer was issued for the probation violation.[1] *Id.* at 53.

Schatz filed his petition for writ of habeas corpus in this Court on May 25, 2023. *See* ECF 1 (date of Schatz's signature). Schatz alleges (1) he was forced to dismiss his appeal of his conviction

---

[1] Because Schatz was in custody in Baltimore County and subject to a detainer for his probation violation in Baltimore City, he was "in custody" for purposes of a habeas challenge to his Baltimore City conviction. *See Maleng v. Cook*, 490 U.S. 488, 493 (1989).

on the state charges in exchange for the state dismissing 11 counts of violating a protective order, (2) his conviction was based on insufficient evidence, and (3) the charges were fraudulent. *Id.* at 5, 7, 8. The respondent filed a limited answer arguing that Schatz's petition is barred by the statute of limitations. ECF 11. In response, Schatz argues that he is entitled to equitable tolling. ECF 16; *see also* ECF 1, at 13–14.

## II.    Standard of Review

A one-year limitations period applies to petitions filed pursuant to 28 U.S.C. § 2254, counting down from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

The limitations period is subject to tolling in certain circumstances. The habeas statute provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, the federal clock is paused during the pursuit of state post-conviction relief, assuming the application for state post-conviction relief was properly filed.

The limitations period also may be subject to equitable tolling "in those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (quoting *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000))). To equitably toll the limitations period, the habeas petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted). Extraordinary circumstances may involve "wrongful conduct" on the part of the government or other circumstances beyond the petitioner's control. *Harris*, 209 F.3d at 330 (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).

The petitioner bears the burden of establishing that his petition is timely. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

### III.    Analysis

In this case, the one-year limitations period for filing for federal habeas relief runs from the date on which the time for seeking direct review of the judgment expired. 28 U.S.C. § 2244(d)(1)(A). Schatz had 30 days from his sentencing on March 11, 2020 to file an appeal with the Appellate Court of Maryland, which he did not do. *See* Md. R. 7-104(a) (affording defendants

30 days to note an appeal from a judgment of conviction entered in the state district court).[2] Therefore, Schatz's conviction became final on April 10, 2020, and the one-year limitations period expired on April 10, 2021. Schatz's habeas petition, filed nearly two years later on May 25, 2023, is untimely.[3]

Schatz argues the limitations period should be subject to equitable tolling. He claims it took him "years of study and research" to understand the issues he raised in his petition, the COVID-19 pandemic prevented him from timely filing the petition, he lacked access to the law library, and he is indigent. ECF 1, at 13–14; *see* ECF 16, at 5. Schatz also asserts that new developments in case law and "ethical standards" have delayed his filing, and the Court should permit his petition to proceed in the interest of justice. ECF 1, at 14.

None of these reasons is grounds for excusing the late filing of Schatz's habeas petition. Unfamiliarity with the law and lack of access to a law library are not bases for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *Gales v. Warden Deyena Corp.*, No. RDB-12-3614, 2013 WL 1352309, at *3 (D. Md. Apr. 1, 2013) ("[I]gnorance of the law, inability to obtain assistance, or attend the prison law library are inadequate grounds to establish entitlement to equitable tolling of the filing deadline."). Nor is Schatz's indigency a basis for equitable tolling. *See Jones v. Graham*, No. CCB-17-3523, 2019 WL 1935412, at *2 (D. Md. May 1, 2019) ("[A

---

[2] Schatz argues that it "defies all logic" to conclude that he "did not file an appeal" because "[i]f he hadn't [appealed], how could he agree to its withdrawal in 'trade' for the nol pros of the eleven counts of violating a protective order." ECF 16, at 7. Schatz's position is not supported by the record. According to the state court docket, Schatz never filed an appeal. Even if he did timely file an appeal and then withdrew the appeal in connection with a plea bargain, his habeas petition would be timely only if the appeal was pending for more than two years before he withdrew it (and thus paused the habeas filing clock while it was pending). Schatz does not say when he withdrew the alleged appeal, and the record does not show that he filed or withdrew an appeal. Thus, Schatz has not met his burden of establishing that his petition was timely.

[3] Collateral or post-conviction pleadings filed before April 10, 2021 would have tolled the limitations period under 28 U.S.C. § 2244(d)(2), but Schatz did not file any.

petitioner's] inability to pay a private attorney does not amount to an exceptional circumstance justifying equitable tolling of the federal filing deadline . . . ."). And Schatz does not identify any new case law that prevented him from timely filing his petition.

The COVID-19 pandemic also is not grounds for equitable tolling. A "petitioner cannot meet his burden of establishing that a court should apply the doctrine of equitable tolling simply by making a passing reference to the pandemic or the resulting lockdown." *United States v. Aigbekaen*, No. JKB-15-0462, 2021 WL 1816967, at *1 (D. Md. May 6, 2021); *see also Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021) (unpublished) ("The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion." (quoting *United States v. Henry*, No. 17-CR-00180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020)).

No extraordinary circumstances stood in the way of Schatz filing his habeas petition by April 10, 2021. Further, there is no indication that Schatz was diligently pursuing his appellate rights. In short, Schatz has failed to present any circumstance that prevented him from complying with the one-year filing deadline or any basis for finding a miscarriage of justice would result if this Court does not reach the merits of his petition.

## IV.    Certificate of Appealability

Having found that the petition is untimely, this Court must determine if a certificate of appealability should issue. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district

6

court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684-685 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Schatz's pleadings fail to demonstrate that a certificate of appealability should issue. He may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order dismissing the petition as untimely and denying a certificate of appealability follows.

April 27, 2026
Date

Deborah L. Boardman
United States District Judge